# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3329
_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Latham

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: May 31, 2016
Filed: July 28, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joseph Latham pled guilty to conspiracy to distribute methamphetamine, possession with intent to distribute 50 or more grams of pure meth, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 21 U.S.C. §§ 841

(a)(1), (b)(1)(A), 846, and 18 U.S.C. § 924 (c)(1)(A). He appeals the district court's[1] decision to run his sentence consecutive to an undischarged state sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2013 Latham was convicted of second-degree burglary and second-offense domestic-abuse assault in Iowa. He received a 10-year suspended sentence and was placed on probation for 5 years. His probation was revoked in June 2015. He committed the offenses in this case between the fall of 2014 and April 2015, and was indicted for them in May of 2015.

The guidelines provide that Latham's "sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3 (d). Claiming procedural error, Latham asserts that the sole basis for his consecutive sentence was the court's belief that the state sentence was not relevant conduct to the instant offense. Latham argues the district court did not consider the factors in 18 U.S.C. §§ 3584 and 3553(a); the type and length of the prior state sentence; the time served so far and likely to be served before release; and other considerations in U.S.S.G. § 5G1.3 (d). *See* U.S.S.G. § 5G1.3(d), cmt. n. 4(A) (2015) (listing factors to consider under subsection (d)).

This court "review[s] a district court's decision to impose a consecutive or concurrent sentence for reasonableness." *United States v. Bryant*, 606 F.3d 912, 920 (8th Cir. 2010). "[T]he district court must explain its reasoning for imposing a concurrent or consecutive sentence." *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008). Section 3584(a) provides, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

concurrently." Section 3584 (b) directs the court to consider "the factors set forth in section 3553(a)" in imposing a concurrent or consecutive sentence.

The district court decided to run the federal sentence consecutive to the state sentence, noting that Latham's prior convictions "don't have anything to do with the current charges." This observation was not the only reason for the consecutive sentence. The court had just finished discussing Latham's lengthy history of drug and alcohol abuse, the nature and circumstances of the offense, that he was not "being prosecuted because he's a drug addict," but because "he was no small-time drug dealer," and had "added to the misery of the world by distributing pure methamphetamine from California here." The district court need not twice recite each consideration under § 3553(a), both to justify a sentence and to make it consecutive. *See Bryant*, 606 F.3d at 920 ("[T]here is no requirement that a district court provide a separate statement of reasons because, unless it is a 'doubtful case,' a sentencing court need not specifically explain its reasoning in the imposition of a consecutive sentence."). The district court's thorough discussion of the § 3553(a) factors leaves no doubt why it imposed a consecutive sentence.

The judgment is affirmed.

_____