# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2644
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Indelicato Peterson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 4, 2017
Filed: June 20, 2017

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Andrew Indelicato Peterson pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). The

district court[1] sentenced him to 120 months' imprisonment, the statutory maximum and Guidelines range. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

Peterson was a member of a street gang that fired 30 shots toward a Minneapolis hospital on August 26, 2014. He did not shoot a gun himself but had possessed the ammunition used in the attack. Pedestrians in front of the hospital were forced to run for cover. One bullet came dangerously close to an infant. No one was injured in the attack. On January 5, 2015, Peterson was arrested for possession of burglary tools. He was serving that state sentence when, in August 2015, he was indicted for participating in the hospital attack. Peterson claims the district court violated his due process rights by failing to rule on his objections to the Presentence Investigation Report (PSR) and abused its discretion by making his federal sentence consecutive to his state sentence.

The district court properly chose not to rule on Peterson's objections to the PSR because the objected-to material did not affect sentencing. *See* **Fed. R. Crim. P. 32(i)(3)(B)**. Even so, Peterson argues the objected portions should be stricken and he should be resentenced. Rule 32 does not require striking the objected-to material. ***United States v. Hopkins***, 824 F.3d 726, 735 (8th Cir. 2016). "A defendant has no right to be resentenced when the district court expressly states it did not rely on the challenged information in sentencing." ***Id.*** (internal quotation marks omitted).

This court reviews consecutive or concurrent sentencing for reasonableness. ***United States v. Poe***, 764 F.3d 914, 916 (8th Cir. 2014). This is similar to an abuse of discretion review. ***United States v. Mathis***, 451 F.3d 939, 941 (8th Cir. 2006). This court reviews for abuse of discretion by first, examining for procedural errors and second, reviewing the substantive reasonableness of the sentence. ***United States***

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

***v. Bryant***, 606 F.3d 912, 918 (8th Cir. 2010).  District courts have wide and broad discretion to order a consecutive sentence to an undischarged sentence.  ***Id.*** at 920.

Peterson argues that the district court abused its discretion by imposing a consecutive sentence.  *See **id.*** at 920-21.  The district court explained its reason for imposing a consecutive sentence—that the crime was "one of the most despicable crimes" it had seen.  The district court did not procedurally err because it referenced the § 3553(a) factors and the considerations in  U.S.S.G. § 5G1.3, comment 4.  ***Id.*** at 920.  Peterson's sentence, within the Guidelines range, is substantively reasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____