# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2371

_____

United States of America

*Plaintiff - Appellee*

v.

Hunter Dean Bonnell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 13, 2019
Filed: August 2, 2019
[Published]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Hunter Dean Bonnell pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] sentenced him

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

to 84 months' imprisonment, consecutive to his undischarged state sentences. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The parties agree U.S.S.G. § 5G1.3(d) controls here:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense *may* be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(d) (emphasis added). *See* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms *may* run concurrently or consecutively.") (emphasis added). Section 5G1.3(d) does not require a federal sentence to run consecutive to an undischarged state sentence. *See United States v. Becker*, 636 F.3d 402, 408 (8th Cir. 2011) ("[A] district court has the discretion to impose a sentence concurrently or consecutively.").

Bonnell challenges the application of section 5G1.3(d), arguing the district court erred "in concluding that a consecutive sentence was required." This court first looks for procedural error, *United States v. Thorne*, 896 F.3d 861, 864 (8th Cir. 2018), reviewing "the district court's decision to impose consecutive sentences for reasonableness." *United States v. Rutherford*, 599 F.3d 817, 820 (8th Cir. 2010), *citing Gall v. United States*, 552 U.S. 38, 51 (2007). However, Bonnell did not object to consecutive sentences at sentencing. This court reviews for plain error. Under plain error review, Bonnell must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Keller*, 413 F.3d 706, 710 (8th Cir. 2005), *quoting Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

-2-

The district court said:

> Now, realistically the state system is very, very overcrowded the way the federal system is so what we see happen typically is you get a sentence of this size, you get an 84-month sentence, the states sees that, and they immediately kick you to the federal government so in practical terms, even if I run these sentences consecutively, which I think under the Guidelines and under various case law is the right thing to do, in practical terms it doesn't mean you are going to do two complete sentences. I have yet to see the state actually keep somebody when they know the federal government wants them and so I do order here, because these were separate convictions, they're serious convictions, and your revocation had little to do or was only in part based upon what happened that brought you to Federal Court, I do order these sentences to run consecutively, the federal sentence to run consecutively to the state sentence as noted in PSR Paragraphs 36, 38, and 39; but in practical terms, Mr. Bonnell, they're going to almost immediately give you to the federal prison sentence and so that will discharge your state sentence.
>
> Now, if that doesn't happen, let me know; but I am guessing that within a period of months that is what is going to happen.

The district court did not plainly err. Nothing in the record indicates the court "concluded that it was required to impose a consecutive sentence." Rather, it recognized the Sentencing Guidelines as "advisory," and noted its options of imposing the sentence to "run concurrently or consecutively or some combination thereof." *See Rutherford*, 599 F.3d at 821 ("A sentencing court should consider the Guidelines calculation as a first step to finding a reasonable sentence," but not one that mandates a result). The court reasoned that a consecutive sentence was "the right thing to do" based on the Guidelines and case law. As the record shows, the district court properly interpreted section 5G1.3 as discretionary, not mandatory.

The district court's discussion of the prison system in practical terms also is not error. *See Becker*, 636 F.3d at 406 (the district court did not plainly err in making comments that "were merely an academic discussion" of "what might happen in the state system"). The district judge acknowledged she was "guessing" when Bonnell would be released to federal custody. *See id.*, at 407-08 (no plain error when the sentencing court recognized the possibility of early parole was a "great unknown"). "The district court did not base its decision to impose a consecutive sentence solely on the possibility of [Bonnell's] early release from state prison. Moreover, that possibility was not a clearly improper consideration." *See United States v. James*, 428 F. Appx. 533, 536 (6th Cir. 2011). In fact, the court properly considered "[t]he time served on the undischarged sentence and the time likely to be served before release," "[t]he fact that the prior undischarged sentence may have been imposed in state court rather than federal court," and "[a]ny other circumstance relevant to the determination of an appropriate sentence." U.S.S.G. § 5G1.3(d), cmt. n.4(A)(iii–v).

Even if Bonnell could show error, his claim fails at step three of plain-error review. He must show a "reasonable probability" that but for the error he would have received a more favorable sentence. *United States v. Pirani*, 406 F.3d 543, 547 (8th Cir. 2005) (en banc). The district court thoroughly reviewed Bonnell's criminal history, mental health, career aspirations, family circumstances, parole options, and need for the sentence imposed. The district court said that it "considered all of the factors under 3553(a) and the advisory Guidelines." *See United States v. Latham*, 667 F. Appx. 594, 595 (8th Cir. 2016) ("The district court's thorough discussion of the § 3553(a) factors leaves no doubt why it imposed a consecutive sentence."). Bonnell cannot show a reasonable probability he would have received a more favorable sentence absent any alleged error. *See Pirani*, 406 F.3d at 553 ("[S]entencing at the bottom of the range is the norm for many judges, so it is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence.").

The sentence also is substantively reasonable. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). The district court calculated the (unobjected to) Guidelines range, considered the § 3553(a) factors, and heard arguments. *See Becker*, 636 F.3d at 408 (no abuse of a discretion where a district court considered counsel's arguments, the Guidelines range, and the § 3553(a) factors in imposing a consecutive sentence); *Rutherford*, 599 F.3d at 821 (same). The district court weighed the proper factors and reasonably imposed a consecutive sentence at the low end of the Guidelines range. *See United States v. Peterson*, 869 F.3d 620, 621 (8th Cir. 2017) ("District courts have wide and broad discretion to order a consecutive sentence to an undischarged sentence.").

The district court did not err in sentencing Bonnell.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____