# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-3443
_____

United States of America

*Plaintiff - Appellee*

v.

Leprese Derrion Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: October 18, 2021
Filed: April 7, 2022
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Leprese Williams pled guilty to one count of possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At sentencing, the district court[1] determined Williams

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

had a category VI criminal history. After applying a two-level enhancement for reckless endangerment during flight, and a three-level reduction for acceptance of responsibility to arrive at a total offense level of 23, the district court calculated the applicable United States Sentencing Guidelines Manual ("Guidelines") range as 92 to 115 months of imprisonment. While considering the statutory sentencing factors under 18 U.S.C. § 3553(a), and in particular Williams's criminal history, the district court mistakenly stated Williams shot a gun in the air during a prior offense. The district court then sentenced Williams to 92 months of imprisonment and five years of supervised release with a special condition requiring Williams to undergo substance abuse treatment, which "may also include compliance with a medication regimen."

On appeal, Williams argues the district court erred in (1) applying the sentencing enhancement for reckless endangerment during flight, (2) relying on an erroneous fact during sentencing, (3) imposing a substantively unreasonable sentence, and (4) imposing an improper special condition requiring compliance with medication during substance abuse treatment without particularized findings. We affirm.

First, we consider Williams's challenge to the reckless endangerment enhancement. "We review for clear error a district court's findings with respect to reckless endangerment during flight." *United States v. Silva*, 630 F.3d 754, 756 (8th Cir. 2011) (quoting *United States v. Bazaldua*, 506 F.3d 671, 674 (8th Cir. 2007)).

Section 3C1.2 of the Guidelines provides for a two-level increase when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The Guidelines define "reckless" as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2. Williams does not contest the underlying events but argues they fail

to rise to the level of reckless endangerment. The undisputed facts show Williams fled from police for over two minutes while driving his vehicle through residential neighborhoods at speeds of at least forty miles per hour. During the chase, Williams ran stop signs and cut sharply in front of at least one other motorist. Ultimately, Williams crashed into a concrete pillar and fled on foot. As the district court acknowledged, traffic violations during flight from law enforcement do not automatically rise to the level of a reckless and substantial risk of death or serious bodily injury. However, the district court reviewed the dash-cam video evidence and expressly found that because Williams sped through residential areas, late at night, with his door partially ajar, on streets with parked cars blocking sight of pedestrians, and cut sharply in front of at least one other motorist, his actions constituted reckless endangerment during flight. This finding was not clearly erroneous.

Next, Williams argues the district court committed procedural error by relying on an erroneous fact while selecting a sentence. When a defendant fails to object during sentencing, we review alleged procedural errors for plain error. *United States v. Harrell*, 982 F.3d 1137, 1140 (8th Cir. 2020). "To demonstrate plain error, a defendant must show '(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Bonnell*, 932 F.3d 1080, 1082 (8th Cir. 2019)). Here, the government concedes the district court incorrectly stated that Williams shot a gun into the air during a previous offense. Thus, Williams satisfies the first two prongs.

To demonstrate an error affected his substantial rights, Williams must show "a reasonable probability that but for the error he would have received a more favorable sentence." *Id.* (quoting *Bonnell*, 932 F.3d at 1083). A district court's reliance on an erroneous fact can affect a defendant's substantial rights if the "fact" serves as "a 'principal basis' for the sentence." *Id.* (quoting *United States v. Durr*, 875 F.3d 419, 421 (8th Cir. 2017)). In this case, the district court noted there was a "conviction in paragraph 40 where the defendant assaulted a female and pointed a

gun at her several times as well as paragraph 34 where there was a carrying weapons offense where the defendant shot a gun in the air." The district court then noted, "These are serious convictions that put in the forefront the Court's need to protect the public and to promote respect for the law." This statement by the district court indicates the erroneous fact informed the sentence. However, the district court logically and grammatically linked the erroneous fact with another uncontested conviction that involved greater risk to public safety. The uncontested conviction could independently justify the district court's stated concern. Additionally, the district court expressly considered other factors weighing in favor of the imposed sentence such as the seriousness of the offense, the quantity of drugs in Williams's possession, the fact that he was a fugitive, and his violations in Polk County Jail, before pronouncing a sentence. We also note the district court chose a sentence at the bottom of the Guidelines range rather than the higher sentence requested by the government. We thus conclude there is not a reasonable probability that, but for the erroneous fact, the district court would have imposed a lesser sentence. Because Williams failed to establish the error affected his substantial rights, he has not satisfied the plain error standard.

Third, Williams argues his sentence is substantively unreasonable. We review the reasonableness of a sentence under "a deferential abuse-of-discretion standard." *Harrell*, 982 F.3d at 1141 (quoting *United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014)). "A district court abuses its discretion when it 'fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" *Id.* (quoting *United States v. Stong*, 773 F.3d 920, 926 (8th Cir. 2014)). When determining a sentence, "a district court must consider all of the factors in 18 U.S.C. § 3553(a), but it retains 'wide latitude to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others.'" *Id.* (cleaned up and internal citation omitted) (quoting *United States v. Johnson*, 916 F.3d 701, 703 (8th Cir. 2019)). "The district court is presumed to know the law in regard to sentencing and need not recite each factor to be upheld." *United States v. Gasaway*, 684 F.3d 804, 808 (8th Cir. 2012) (quoting *United States v. Keating*, 579

F.3d 891, 893 (8th Cir. 2009)).  Sentences falling within the Guidelines range are presumptively reasonable.  *See United States v. Jones*, 990 F.3d 1141, 1144 (8th Cir. 2021).  Williams argues the district court should have given more weight to his childhood circumstances, work ethic, addiction, and risks of COVID-19.  When presenting its sentence, the district court acknowledged several of these factors, "but the fact that the district court weighed these factors differently" than Williams would have does not constitute an abuse of discretion.  *Harrell*, 982 F.3d at 1141.  We conclude the district court's bottom-of-the-Guidelines sentence of 92 months is not substantively unreasonable.

Fourth, and finally, Williams argues the district court erred by requiring medication compliance in his substance abuse treatment condition of supervised release.  Because Williams timely objected before the district court, we review the condition for abuse of discretion.  *See United States v. Deatherage*, 682 F.3d 755, 757 (8th Cir. 2012).

The district courts "have discretion to impose special conditions of supervised release so long as the conditions are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." *United States v. Sherwood*, 850 F.3d 391, 394 (8th Cir. 2017) (quoting *United States v. Cooper*, 171 F.3d 582, 585 (8th Cir. 1999)).  Our review of special conditions is by no means perfunctory.  Before pronouncing special conditions, "the district court must make 'an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" *United States v. Sterling*, 959 F.3d 855, 861 (8th Cir. 2020) (quoting *United States v. Wilkins*, 909 F.3d 915, 918 (8th Cir. 2018)).  However, "reversal is not required due to a lack of individualized findings if the basis for the imposed condition can be discerned from the record." *Id.* (quoting *United States v. Newell*, 915 F.3d 587, 590 (8th Cir. 2019)).  Further, speculative harms do not justify reversal of special conditions when the defendant can seek modification of the condition "should a

more concrete problem arise." *See United States v. Trimble*, 969 F.3d 853, 858–59 (8th Cir. 2020).

Williams argues the special condition requiring compliance with a medication regimen as a part of his substance abuse treatment is both improper and unsupported by particularized findings. We address the second argument first. The district court expressly noted Williams's longstanding substance abuse issues, his history and characteristics, the nature of the crime, and Williams's violations while in Polk County Jail before the pronouncement. Further, since the record clearly demonstrates Williams's struggle with substance abuse, the district court did not need to reiterate those findings during the sentencing hearing. *See Sterling*, 959 F.3d at 861. Therefore, the special condition is sufficiently supported.

Williams's contention that the special condition is improper is a closer call. The district court noted "if medical professionals believe that this defendant needs medication to be able to address his medical needs, his substance abuse needs, or otherwise, then he will be required to comply with that medication." To the extent this statement is interpreted to mean that Williams will be required to take any medication prescribed by any medical professional it could constitute an improper condition in the absence of particularized justifying findings. *See United States v. Malone*, 937 F.3d 1325, 1329 (10th Cir. 2019) (holding blanket medication requirements absent particularized findings constituted plain error). But viewed in context, we do not interpret the statement so broadly.

During the pronouncement, the district court continued, "The defendant must participate in a program of testing and treatment for substance abuse. You'll have to be evaluated, and then you'll have to comply with any treatment that's recommended based upon that medical professional's assessment of this defendant's needs, and that *can* require compliance with a medication regimen." (emphasis added). Further, the special condition as set forth in the judgment reads, "At the direction of the probation office, you must receive a substance abuse evaluation and participate in inpatient and/or outpatient treatment, as recommended. Participation

*may* also include compliance with a medication regimen." (emphasis added). Accordingly, the medication requirement is limited to the context of substance abuse treatment and merely recognizes the possibility Williams may have to comply with a medication regimen.

While medication compliance requirements may in certain circumstances risk infringing on protected constitutional liberty interests, it is currently speculative whether a medical professional will prescribe medication for Williams's substance abuse treatment in a way that unconstitutionally infringes on his liberty interests. *See Sell v. United States*, 539 U.S. 166, 178–79 (2003) (holding the unwanted administration of psychopharmaceuticals may infringe on a constitutionally protected liberty interest absent an overriding state interest). If, after his release, Williams is prescribed medication for substance abuse treatment that he believes unconstitutionally infringes on his rights, he "may seek a modification of his release conditions from the district court." *Trimble*, 969 F.3d at 858–59 (quoting *United States v. Henkel*, 358 F.3d 1013, 1015 (8th Cir. 2003)).

For the foregoing reasons, we affirm.

_____