United States Court of Appeals

For the Eighth Circuit
_____

No. 21-2932
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Thomas Stanger, also known as Vinny

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 18, 2022
Filed: June 10, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Daniel Stanger pled guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] sentenced him to a below-guidelines term of 96 months in prison to be served consecutively to an undischarged

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

state sentence. Stanger appeals, asserting the district court erred in failing to directly rule on a variance request and by running his federal sentence consecutively. He also challenges the substantive reasonableness of his sentence. We affirm.

We review a sentence "in two steps, first reviewing for significant procedural error, and second, . . . we review for substantive reasonableness." United States v. Ayres, 929 F.3d 581, 582-83 (8th Cir. 2019). Because Stanger did not object to any aspect of his sentence, we review claimed procedural defects for plain error. United States v. Thigpen, 848 F.3d 841, 847 (8th Cir. 2017). We still review for substantive reasonableness, however, under a deferential abuse of discretion standard. United States v. Gifford, 991 F.3d 944, 946 (8th Cir. 2021) (per curiam); see United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) ("A defendant need not object to preserve an attack on the substantive reasonableness of a sentence.").

Stanger initially contends that the district court improperly failed to rule on his request for a downward variance based on the guidelines' distinction between actual and mixed methamphetamine. The failure "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range" is a significant procedural error. Gall v. United States, 552 U.S. 38, 51 (2007). Prior to sentencing, Stanger submitted a memorandum requesting "a variance and [to] calculate a guideline sentence consistent with [the] mixed methamphetamine guideline (Level 24), instead of using the 'actual' methamphetamine guideline (Level 30)." At the hearing, the district court rejected the request to the extent it was framed as a traditional downward departure motion. See United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014) (explaining that a deviation from the guidelines because of a policy disagreement is permissible but not required). The district court noted that the departure ruling did "not preclude Mr. Stanger from relying on these arguments in support of his request for a downward variance." Stanger reiterated his meth-purity variance argument, but the court never referenced the argument when analyzing the 18 U.S.C. § 3553(a) factors. The court ultimately imposed a sentence 34 months below the low end of the guidelines range.

-2-

Whatever formal ruling Stanger is demanding was not required. See, e.g., United States v. Lee, 553 F.3d 598, 601 (8th Cir. 2009) (finding no plain error in not addressing variance request where record made clear that "the judge considered the defendant's submission but reasonably determined that the personal circumstances did not justify a shorter term of imprisonment"). We generally afford district judges "discretion to decide whether to respond to every argument." United States v. Dace, 660 F.3d 1011, 1014 (8th Cir. 2011). The sentencing judge acknowledged Stanger's meth-purity argument and construed his memorandum "as both an objection to the presentence report and a request for a downward variance." The court overruled the objection and promised to "consider [those] arguments when determining whether a downward variance is warranted." In accord with the explanation for the downward variance at the hearing, the court's written statement of reasons included Stanger's difficult upbringing and acceptance of responsibility but left the box unchecked for a policy disagreement with the guidelines. We conclude that the district court considered and "implicitly rejected" the meth-purity variance argument. See United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020).

Stanger next asserts that the district court failed to recognize its discretion to impose a concurrent rather than a consecutive sentence. See 18 U.S.C. § 3584(a); United States v. Becker, 636 F.3d 402, 408 (8th Cir. 2011). To enable "meaningful appellate review, the district court must explain its reasoning for imposing a concurrent or consecutive sentence." United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008) (cleaned up).

Before turning to the § 3553(a) factors, the district court stated that the federal sentence would be run consecutively "to achieve a reasonable punishment." Stanger asserts that the statement is "unclear as to whether the district court judge believed she had or lacked the discretion to impose [his] sentences concurrently." But the context for review "is the entire sentencing record, not merely the district court's statements at the hearing." United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008). The "sentencing options" section from the Presentence Investigation Report apprised that "pursuant to USSG § 5G1.3(d), the sentence for the instant offense

may be imposed to run concurrently with, partially concurrently with, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment." Further, Stanger's sentencing memorandum, his counsel's statements at the hearing, and his own allocution all asked for a concurrent sentence. We presume that district judges "know the law in regard to sentencing," United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009), and consider matters "raised in sentencing position papers and at the sentencing hearing," United States v. Campbell, 976 F.3d 775, 777 (8th Cir. 2020) (per curiam). Viewing the record as a whole, the "reasonable punishment" comment mirrored the discretionary language in § 5G1.3(d) and answered Stanger's repeated calls for a concurrent federal sentence. Cf. United States v. Bonnell, 932 F.3d 1080, 1082 (8th Cir. 2019) (per curiam) (rejecting plain error when district court was aware of guidelines' advisory nature and of its option to impose a concurrent or consecutive sentence).

The sentencing judge's detailed application of the § 3553(a) factors likewise provides sufficient justification for a consecutive sentence. See 18 U.S.C. § 3584(b). The district court recited most of the sentencing factors and focused specifically on the severity of the offense and criminal history, as well as mitigating circumstances. Contrary to Stanger's argument, a consecutive sentence does not require "a separate statement of reasons because, unless it is a 'doubtful case,' a sentencing court need not specifically explain its reasoning in the imposition of a consecutive sentence." United States v. Bryant, 606 F.3d 912, 920 (8th Cir. 2010) (quoting United States v. Lincoln, 956 F.2d 1465, 1474 n.9 (8th Cir. 1992)). In this instance, "[t]he district court's thorough discussion of the § 3553(a) factors leaves no doubt why it imposed a consecutive sentence." United States v. Latham, 667 F. App'x 594, 595 (8th Cir. 2016) (unpublished per curiam); see also United States v. Rutherford, 599 F.3d 817, 822 (8th Cir. 2010) (affirming where even though "the district court could have more clearly articulated the correct authority for the imposition of consecutive sentences," the statutory factors "were properly considered"). Stanger's sentence is unaffected by procedural error, plain or not.

Finally, Stanger claims his sentence is substantively unreasonable. An abuse of discretion arises during sentencing "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Staten, 990 F.3d 631, 636 (8th Cir. 2021) (per curiam) (quoting United States v. Petersen, 848 F.3d 1153, 1157 (8th Cir. 2017)). Comparable to his procedural argument, Stanger contends that the district court overlooked significant factors about his consecutive sentence, namely, the kinds of sentences available and pertinent policy statements. See 18 U.S.C. § 3553(a)(3), (a)(5). We again disagree because the court considered Stanger's arguments for a concurrent sentence and was cognizant of its discretion under § 5G1.3(d). See United States v. Wilcox, 666 F.3d 1154, 1157 (8th Cir. 2012) (rejecting claim that relevant factors were not considered where defendant presented arguments in his sentencing memorandum and at the hearing and the district court stated it had reviewed the § 3553(a) factors and the entire record). Insofar as Stanger argues that his sentence is otherwise unreasonable, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Espinoza, 9 F.4th 633, 637 (8th Cir. 2021) (quoting United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009)). The sentence is substantively reasonable.

We affirm the judgment of the district court.

_____