# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3396
_____

United States of America

*Plaintiff - Appellee*

v.

Demilo Demontez Martin, also known as LoLo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 11, 2022
Filed: July 28, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Demilo Martin pleaded guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951. The district court[1] sentenced him to 100

_____

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

months' imprisonment to run consecutively to his Minnesota sentence for being a felon in possession of a firearm, which he was serving at the time he pleaded guilty. He appeals his sentence, arguing that his sentence is procedurally and substantively unreasonable. We affirm.

## I. *Background*

In May 2019, Martin and his co-defendants robbed a jewelry store in Minneapolis, Minnesota. During the robbery, Martin brandished a firearm and pointed it at the store's owner, one of his co-defendants restrained the owner, and then Martin repeatedly struck the owner in the head with the firearm. In June 2020, an indictment charged Martin and one of his co-defendants each with one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951. The co-defendant pleaded guilty in December 2020. In January 2021, a superseding indictment charged Martin and a second co-defendant each with one count of the same offense. In June 2021, Martin pleaded guilty to that count. At that time, he was serving a 60-month Minnesota sentence, unrelated to the instant offense, for a state charge of being a felon in possession of a firearm. The anticipated release date for his state sentence is in November 2022.

With a criminal history category of VI and a total offense level of 26, his presentence investigation report (PSR) calculated his Guidelines range between 120 to 150 months' imprisonment. He filed a motion for a downward variance requesting a sentence "no longer than 100 months." R. Doc. 179, at 1. At the sentencing hearing, he requested "the [c]ourt to order this sentence to be partially concurrent starting on June 30th of 2020" because that date is "when the indictment was filed." R. Doc. 194, at 13. He also requested "an additional adjustment down of 15 months from the 100 [months] to a sentence of 85 months," explaining that "the 15 months reflects the time that . . . Martin has been in state custody." *Id*. The district court varied downwards and sentenced him to 100 months' imprisonment to run consecutively to his state sentence. He did not object to the court's explanation of its sentence.

II. *Discussion*

Martin argues (1) that the district court failed to explain its consecutive sentence and (2) that his sentence is longer than necessary.

"In any . . . case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). The commentary for § 5G1.3 sets forth factors for sentencing courts to consider "[i]n order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity":

> (i) The factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

> (ii) The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

> (iii) The time served on the undischarged sentence and the time likely to be served before release;

> (iv) The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

> (v) Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n.4(A). Martin argues that the district court failed to address these factors. He specifically emphasizes the court's obligation to consider the § 3553(a) factors. "Because [Martin] did not object at sentencing to the adequacy of the district court's explanation, we review for plain error." *United States v.*

*Krzyzaniak*, 702 F.3d 1082, 1085 (8th Cir. 2013). "[T]here must be (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (internal quotation omitted).

The district court stated that "[it has] considered a number of other factors [other than the Guidelines range] that the law requires [it] to consider . . . including particularly the factors . . . in . . . § 3553(a)." R. Doc. 194, at 22. It took the following facts into account: (1) that "[t]he amount stolen was substantial, over $40,000, and the victim store owner was beaten and severely injured and it was [Martin] who actually beat him," *id*. at 22; (2) that "[the owner] reasonably feared another attack and as a result of the financial damage and the personal injuries and fear that he experienced he closed the business," *id*.; (3) that "[Martin] [was] under supervision while [he] committed this offense," *id*. at 24; (4) that "[Martin's] criminal history is extensive," *id*.; (5) that there was a need to protect the public "based on . . . Martin's criminal history and what happened here and all of these factors," *id*.; and (6) that "[Martin's] sentence aligns with the sentence that [the district court] gave to [one of his co-defendants], whose criminal history and offense level equated with . . . Martin's," *id*. It concluded that "all of these factors make it . . . not possible to vary further downward than 100 months." *Id*.

The court also found that "[Martin's] history and characteristics present mitigating factors" and "recognize[d] that [he] grew up in difficult circumstances and . . . that life has been difficult." *Id*. at 22. It discussed the following facts: (1) that "[Martin's] father sold drugs outside [his] family's home," *id*. at 22–23; (2) "that Child Protective Services became involved . . . when [he] w[as] quite young," *id*. at 23; (3) that "[his] mother may have been incarcerated," *id*.; and (4) that "[he was] surrounded by frequent crime, violence, drugs, and gang activities," *id*. The court additionally "accept[ed] and believe[d] . . . what [Martin's football coach] told the [the court] . . . which is that he thinks there's a good person in [Martin], a person that's capable of accomplishing good things." *Id*.

The district court did not plainly err. In fact, it did not err all. Our prior cases have found similar discussions of sentencing judges sufficient for explaining the impositions of consecutive sentences. *See United States v. Tonks*, 574 F.3d 628, 633 (8th Cir. 2009) (affirming the district court's consecutive sentence because the district court discussed: (1) "the nature and circumstances of the offenses"; (2) "the kinds of sentences available"; (3) "[the defendant's] history and characteristics, noting his age, education, and his history of drug use"; (4) "[his] criminal history"; and (5) "the need to protect the public"); *see also United States v. Winston*, 456 F.3d 861, 868 (8th Cir. 2006) (affirming the district court's consecutive sentence because it conducted a similar discussion). We hold that the district court adequately explained its sentence.

Its sentence is also substantively reasonable. "We review a district court's decision to impose a consecutive . . . sentence for reasonableness." *Winston*, 456 F.3d at 867. Reasonableness is "a standard akin to our traditional review for abuse of discretion." *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006). "A district court abuses its discretion and imposes an unreasonable sentence when it [(1)] fails to consider a relevant and significant factor, [(2)] gives significant weight to an irrelevant or improper factor, or [(3)] considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). "District courts have wide and broad discretion to order a consecutive sentence to an undischarged sentence." *United States v. Peterson*, 869 F.3d 620, 621 (8th Cir. 2017).

"[Martin] contends [that the district court's] imposition of a consecutive sentence is unreasonable because it was greater than necessary to satisfy . . . § 3553(a)." *United States v. Mathis*, 451 F.3d 939, 942 (8th Cir. 2006). We rejected that argument in *Mathis* because the district court there "acknowledged it was required to consider the § 3553(a) factors and confirmed it did consider them." *Id*. We

reject Martin's argument for the same reasons. We thus hold that the district court's sentence was substantively reasonable.

### III. *Conclusion*

Accordingly, we affirm the district court's judgment.

_____