# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1688
_____

United States of America

*Plaintiff - Appellee*

v.

James Anthony Bee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 18, 2022
Filed: January 26, 2023
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After James Anthony Bee completed his term of imprisonment for distribution of child pornography, he began a 15-year term of supervised release. Less than two months into the term, the United States Probation Office (the Probation Office) issued a violation report describing Bee's hostilities toward his probation officer. At the revocation hearing, Bee attributed these hostilities, in part, to his schizoaffective

disorder. The district court[1] declined to revoke Bee's supervised release but added a special condition requiring Bee to "take all mental health medications as prescribed" by his psychiatrist (the Prescription Condition). Bee objected. Bee then asked the district court to clarify whether his use of a gaming computer and thumb drive would violate Special Condition D of his supervised release, which provided that Bee "shall not possess or use any computer or electronic device with access to any on-line computer service, without the prior approval of the Probation Office." Bee did not offer evidence on the issue, but his counsel represented that the devices did not have internet access. Alternatively, Bee asked the district court to modify Special Condition D to allow him to use the devices in question, arguing that Special Condition D would otherwise be overbroad. The district court determined that Bee's use of the gaming computer or thumb drive would constitute a violation of Special Condition D and that Special Condition D was properly imposed. Bee objected again. Following the revocation hearing, the district court issued a written order that Bee "participate in medication monitoring." Bee appeals, challenging both (1) the Prescription Condition and (2) the district court's interpretation of Special Condition D. Having jurisdiction under 28 U.S.C. § 1291, we remand for the limited purpose of clarifying the written judgment but affirm in all other respects.

I.

Bee first argues that the district court erred in imposing the Prescription Condition. More specifically, Bee argues that such a "forced medication condition" violates his constitutional right to due process because the district court made no findings as to the governmental interests involved or the medical appropriateness of the condition. Because Bee timely objected to this condition before the district court, we review it for abuse of discretion. See United States v. Deatherage, 682 F.3d 755, 757 (8th Cir. 2012). District courts enjoy broad "discretion to impose special conditions of supervised release," and we will uphold conditions so long as they are

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

"reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." United States v. Sherwood, 850 F.3d 391, 394 (8th Cir. 2017) (citation omitted).

Although district courts enjoy broad discretion, "[o]ur review of special conditions is by no means perfunctory." United States v. Williams, 30 F.4th 796, 801 (8th Cir. 2022). Typically, to avoid reversal of a special condition, "the district court must make 'an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" Id. (citations omitted). "However, 'reversal is not required due to a lack of individualized findings if the basis for the imposed condition can be discerned from the record.'" Id. (citations omitted). And even absent such an individualized inquiry, "speculative harms do not justify reversal of special conditions when the defendant can seek modification of the condition 'should a more concrete problem arise.'" Id. (citation omitted).

Bee primarily argues that the Prescription Condition involves a greater deprivation of liberty than is reasonably necessary. He points to Sell v. United States, 539 U.S. 166 (2003), where the Supreme Court held that, before the Government may administer antipsychotic drugs to a mentally ill defendant against his will to render him competent to stand trial, a court must undertake a four-part analysis. Id. at 179-82. The court must determine (1) that important government interests are involved, (2) that involuntary medication will significantly further those interests, (3) that involuntary medication is necessary to further those interests, and (4) that the administration of the drugs is medically appropriate. Id. According to Bee, since the district court failed to undertake this analysis, the Prescription Condition deprives him of his liberty under the Due Process Clause.

Notwithstanding that we have not applied the Sell test to a defendant on supervised release, Bee's argument is too speculative. During the revocation hearing, the district court said it was imposing a new special condition requiring Bee

-3-

to "take all mental health medications as prescribed" by his psychiatrist. "To the extent this statement is interpreted to mean that [Bee] will be required to take any medication prescribed" by his psychiatrist, "it could constitute an improper condition in the absence of particularized justifying findings." Williams, 30 F.4th at 801. "But viewed in context, we do not interpret the statement so broadly." Id. Indeed, after Bee objected to the Prescription Condition, the district court stated that, "at this point I'm not forcing any meds down him." Further, in its written order following the hearing, the district court clarified that it was merely requiring Bee to "participate in medication monitoring through his mental health treatment provider" and "provide monthly documentation to the Probation Office as requested."

Accordingly, we do not interpret the Prescription Condition to subject Bee to any sort of forced medication. Thus, although "medication compliance requirements may in certain circumstances risk infringing on protected constitutional liberty interests, it is currently speculative whether [Bee's psychiatrist] will prescribe medication for [Bee's schizoaffective disorder] in a way that unconstitutionally infringes on his liberty interests." Id. at 802 (citing Sell, 539 U.S. at 178-79). If Bee is prescribed medication in the future in a way that he believes unconstitutionally infringes on his liberty interests, he "may seek a modification of his release conditions from the district court." Id. (citations omitted). Without forced medication, Bee's Sell argument cannot succeed.

Finally, to the extent that Bee argues that the district court failed to undertake an individualized inquiry in imposing the Prescription Condition, that argument also fails. Indeed, the Presentencing Investigation Report (PSR) prepared by the Probation Office reflects Bee's long history of serious mental health problems. Further, Bee concedes that he suffers from schizoaffective disorder—a serious mental health disorder that involves symptoms of schizophrenia and extreme mood swings. Bee even attempted to excuse his hostile behavior toward his probation officer based on this disorder. Thus, because "the basis for the imposed condition can be discerned from the record," we affirm regardless of whether the district court made an individualized inquiry. See id. at 801.

## II.

Bee next argues that the district court improperly interpreted Special Condition D to prohibit access to his gaming computer and thumb drive. We note at the outset the procedural posture in which this challenge reaches us. Bee filed no written motion regarding Special Condition D with the district court; rather, the record indicates that Bee's counsel made an impromptu request during the middle of the revocation hearing, a hearing addressing completely different issues. Under Federal Rule of Criminal Procedure 47(b), a motion need not be in writing when it is made during a hearing. Although Bee's counsel did not couch his request as a motion, the record indicates that the district court treated it as such, and so we treat it similarly.

Special Condition D provides that Bee "shall not possess or use any computer or electronic device with access to any on-line computer service, without the prior approval of the Probation Office." Bee contends that this condition does not apply to his gaming computer or thumb drive because neither has internet access. He further argues that his only intention in using the thumb drive is to insert it "directly into a DVD player without using a computer" so that he can watch movies.

However, Bee did not present evidence regarding the gaming computer or thumb drive about which he inquired. Rather, defense counsel's on-the-fly request merely described these devices in general terms. Cf. Exeter Bancorporation, Inc. v. Kemper Secs. Grp., Inc., 58 F.3d 1306, 1316 n.10 (8th Cir. 1995) ("[S]tatements of counsel are not evidence."). And the record indicates that the district court thought that at least the "gaming computer" mentioned by defense counsel did have access to "an on-line computer service." For example, in reasoning that Special Condition D covered Bee's proposed gaming computer, the district court stated, "there was a conversation in which this probation officer and the probation office offered additional opportunities for Mr. Bee to play video games, and specific video game

systems were recommended by this probation officer that did not have any online computer service."[2]

Because the record demonstrates that the district court believed Bee's gaming computer had the ability to access "an on-line computer service"—and Bee presented no evidence to counter that belief—we affirm the district court's application of Special Condition D to Bee's gaming computer.

Bee's thumb drive, however, raises a different issue. Like the gaming computer, Bee presented no evidence about the thumb drive. However, unlike the gaming computer, there is nothing in the record that leads us to believe that the district court thought that the thumb drive had access to "an on-line computer service." We note, however, that the record is not entirely clear on this point. We will therefore assume that Bee's thumb drive falls outside the confines of Special Condition D and treat the district court's application of the condition to this device as a modification of the special condition. "The district court has statutory authority to 'modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release.'" United States v. Trimble, 969 F.3d 853, 856 (8th Cir. 2020) (per curiam) (quoting 18 U.S.C. § 3583(e)(2)). We review such a modification for abuse of discretion since Bee objected at the revocation hearing. Id. As with imposing a special condition in the

---

[2]We recognize the spectrum of online-service capabilities modern gaming systems lie on, ranging from highly advanced to practically none. Compare Brown v. Phillips, 801 F.3d 849, 851 (7th Cir. 2015) (describing how detainees in treatment center for sexually violent persons "were using a video game console to access the internet to view forbidden material"), and Mollett v. Netflix, Inc., 795 F.3d 1062, 1064 (9th Cir. 2015) (describing how many modern gaming systems allow their users to stream videos through platforms like Netflix), with Atari Interactive, Inc. v. Hyperkin Inc., No. 2:19-CV-00608-CAS, 2020 WL 4287584, at *1-*2 (C.D. Cal. July 27, 2020) (describing Atari's "Plug and Play" joystick video game that "can be plugged into a television . . . without the need for an accompanying console" or internet access). Based on the record, we cannot tell where Bee's "gaming computer" falls on this spectrum.

-6-

first instance, a district court does not abuse its discretion in modifying a condition if the modification is "reasonably related to the sentencing factors, involve[s] no greater deprivation of liberty than is reasonably necessary, and [is] consistent with the Sentencing Commission's pertinent policy statements." Id. (citation omitted).

Bee does not argue that the district court's modification of Special Condition D is inconsistent with any pertinent policy statement. And although he contends otherwise, "there is no real doubt that restricting [his] access to the Internet [and electronic storage devices] is reasonably related to the nature and circumstances of the offense—which, at a minimum, involved using [peer-to-peer file-sharing software] to acquire [and download] a large collection of child pornography." United States v. Durham, 618 F.3d 921, 944 (8th Cir. 2010) (Gruender, J., announcing the judgment of the Court in part). Further, "the challenged condition is designed to deter similar criminal conduct, to protect the public from further crimes that [Bee] might otherwise perpetrate, and to serve [Bee's] correctional needs." Id. Thus, the key here is whether the district court's modification of Special Condition D involves a "greater deprivation of liberty than is reasonably necessary." Trimble, 969 F.3d at 856.

We conclude that it does not. First, this Court routinely upholds broad restrictions on a supervised releasee's access to electronic devices when the conduct underlying his conviction involves more than mere possession of child pornography. See, e.g., Durham, 618 F.3d at 944-45 (upholding special condition that "[t]he defendant shall not have access to [any] device with internet capabilities" when underlying conduct consisted of defendant obtaining child pornography via peer-to-peer file-sharing software). And here, Bee used a peer-to-peer file-sharing software to download and share child pornography. Second, the district court's modification of the special condition to include Bee's thumb drive is justified because, as the district court reasoned—and as Bee has admitted—Bee has an "addiction" to downloading child pornography. Indeed, searches of Bee's devices revealed thousands of photos and hundreds of videos depicting child pornography. Given his "propensity in the past to download [these] videos and his admission to . . . not being

able to stop downloading [them]," the district court did not abuse its discretion in modifying Special Condition D to include Bee's thumb drive.

For the foregoing reasons, we remand with instructions to amend the written judgment to conform to the district court's oral modification of Special Condition D to include Bee's thumb drive. In all other respects, the judgment of the district court is affirmed.

_____