# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1543

_____

United States of America

*Plaintiff - Appellee*

v.

Travon Lavelle Blackman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: July 24, 2023
Filed: July 27, 2023
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Travon Lavelle Blackman appeals after he pled guilty to a firearm offense. The district court[1] imposed an enhanced sentence under 18 U.S.C. § 3147(1) to run

_____

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

consecutively to an undischarged federal sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms the sentence.

Counsel has moved for leave to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable because the district court failed to adequately explain its reasoning for running the enhanced sentenced consecutively to the undischarged sentence, and procedurally unreasonable because the court did not explain how it applied U.S.S.G. § 5G1.3 in concluding the sentences should be run consecutively.

The sentence was neither procedurally, nor substantively, unreasonable. *See United States v. Pierson*, No. 22-1918, 2023 WL 4442996, at *6 (8th Cir. July 11, 2023) (reasonableness of sentence is reviewed for abuse of discretion). The district court appropriately considered the 18 U.S.C. § 3553(a) factors and adequately explained its decision to run the instant and prior sentences consecutively. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (procedural errors include failing to consider § 3553(a) factors and adequately explain chosen sentence; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008) (district court has "wide discretion" to order sentence to be served consecutively to undischarged sentence); *see also* 18 U.S.C. § 3584(a), (b) ("if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively"; court should consider § 3553(a) factors in making such determination); U.S.S.G. § 5G1.3; *United States v. Latham*, 667 Fed. Appx. 594, 595 (8th Cir. 2016) (unpublished per curiam) (noting district court need not twice recite considerations under § 3553(a); court's discussion of the relevant factors left "no doubt" why it imposed a consecutive sentence).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____