# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1102

_____

United States of America

*Plaintiff - Appellee*

v.

LeBray Roberts Heart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: September 18, 2023
Filed: November 3, 2023
[Unpublished]

_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

LeBray Roberts Heart pled guilty to abusive sexual contact of a child in violation of 18 U.S.C. §§ 2244(a)(5) and 1153. The district court[1] varied upward,

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

sentencing him to 168 months in prison (guidelines range 108-135 months). He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Heart contends the district court procedurally erred in varying upward. This court reviews alleged procedural errors for plain error when, as here, a defendant fails to object during sentencing. *United States v. Williams*, 30 F.4th 796, 799 (8th Cir. 2022). "To demonstrate plain error, a defendant must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

Supporting its request for an upward variance, the government relied on the victim's young age (6-years-old at the time of the offense) and the unobjected-to facts in paragraph 26 of the Presentence Investigation Report that outlined the sexual abuse of another child. "Unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." *United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008) (cleaned up). District courts may rely on facts within a PSR when a defendant objects to *recommendations* based on the facts, but not on the facts themselves. *Id*. at 975-76. Heart made no objections to the PSR. The district court did not procedurally err in relying on it.

Heart also believes the court procedurally erred based on a statement that "there are other victims of Mr. Heart that are not related to the pending charge who were minors at the time of the sexual abuse." But the record shows this was no more than a misstatement. The PSR and the district court identified only two victims. When the district court used the phrase "other victims," it prefaced it with "As noted by the United States and as stated in the presentence investigation report." Nothing else in the record indicates the district court was confused about the number of

victims or the facts of the case. The district court's use of the plural here does not amount to procedural error.

## II.

Heart asserts the district court's sentence was substantively unreasonable. This court reviews for abuse of discretion. *United States v. Werlein*, 664 F.3d 1143, 1146, 1023-24 (8th Cir. 2011). In support of the variance, the court considered: the young age of the victim, the allegation of sexual abuse from another child, the need to ensure the safety of the community, and Heart's need to receive adequate drug and alcohol treatment, mental health care, and cognitive behavioral programming. The district court did not abuse its discretion in varying upward. *See United States v. Levy*, 18 F.4th 1019 (8th Cir. 2021) (affirming a 105-month upward variance based on the seriousness of the offense).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____