# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2843
_____

United States of America

*Plaintiff - Appellee*

v.

Darnell Luther Levy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 8, 2024
Filed: July 29, 2024
[Unpublished]
_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Darnell Levy pleaded guilty to one count of being a felon in possession of ammunition and two counts of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Levy's total offense level of 33 combined with a criminal history category of VI resulted in an advisory sentencing guidelines range of 235-293 months. After considering the 18 U.S.C. § 3553(a) sentencing factors,

the district court[1] varied downwards and sentenced Levy to 204 months' imprisonment.  Levy's term of imprisonment consisted of 120 months' imprisonment on each count, to be served concurrently, except that 84 months on one of the counts was ordered to be served consecutively to the others.  *See id.* § 3584.

On appeal, Levy argues that the district court failed to comply with 18 U.S.C. § 3584, which requires that a court, in imposing a consecutive sentence, "consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  Although Levy acknowledges that the district court considered the § 3553(a) factors in its sentencing decision, Levy contends that § 3584 creates a more exacting duty on the district court to state explicitly, with respect to *each* offense, its consideration of the § 3553(a) factors.  Because Levy did not object to the imposition of a consecutive sentence in the district court, we review the district court's decision to impose a consecutive sentence for plain error.  *See United States v. Bonnell*, 932 F.3d 1080, 1082 (8th Cir. 2019).  Under plain error review, Levy must show "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

The district court did not plainly err.  In *United States v. Rutherford*, 599 F.3d 817, 822 (8th Cir. 2010), we stated that a district court is not required to recite explicitly each of the § 3553(a) factors on the record when it imposes a consecutive sentence so long as it is clear that the factors were considered.  *Rutherford* may not be directly on point, but the logic underlying that decision applies here as well.  Just as a district court is not required to recite explicitly each of the § 3553(a) factors when imposing a consecutive sentence so long as it is clear those factors were considered, a district court is not required to state explicitly, with respect to each offense, its consideration of the § 3553(a) factors so long as it is clear the factors

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

were considered and applied to the sentence as a whole. Prior to sentencing Levy, the district court stated that, while it "may not speak about each one of the [§ 3553(a) factors] specifically in articulating the reasoning for the sentence to impose," it had "considered each and every one of them." Thus, the district court applied the § 3553(a) factors to the sentence as a whole and, in doing so, complied with § 3584.

Accordingly, we affirm the judgment of the district court.

———————————————