# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2700
_____

United States of America

*Plaintiff - Appellee*

v.

Devaris Carpenter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 12, 2024
Filed: August 12, 2024
[Unpublished]
_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Devaris Carpenter pleaded guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and faced an advisory Guidelines range of 57 to 71 months. The district court[1] varied upward and sentenced Carpenter to 84 months of incarceration and

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

three years of supervised release. Carpenter appeals, arguing that the district court impermissibly relied on government testimony regarding uncharged conduct and that his sentence was substantively unreasonable. We affirm.

At sentencing, the government called as a witness Detective David Rudolph, an undercover agent who began communicating with Carpenter via Facebook prior to his arrest. Rudolph explained that Carpenter, in a series of messages, wrote that someone had robbed and shot at him, that he needed Rudolph to find him a gun, and that he had "to take care of something ASAP." Based on these messages, Rudolph believed Carpenter was planning to harm someone. Rudolph explained that he then put Carpenter in touch with an undercover federal agent under the pretext that the agent would sell Carpenter a firearm. Carpenter and the federal agent met to complete the sale, and after Carpenter took possession of the firearm, he was arrested. The government also asked Rudolph about his investigation into a 2019 murder. Rudolph explained that he had identified Carpenter as a suspect in the murder based on his review of the evidence and a re-interview of a witness to the murder. Carpenter did not object to Rudolph's testimony about this investigation. United States v. Williams, 30 F.4th 796, 799 (8th Cir. 2022) (explaining that when a defendant does not object at sentencing, we review for plain error).

On appeal, Carpenter contends that in deciding to vary upward the district court erred by relying on Rudolph's testimony regarding the 2019 murder. This was error, according to Carpenter, because the murder was uncharged conduct and the government's evidence was hearsay that lacked sufficient indicia of reliability. See United States Sentencing Guidelines § 6A1.3(a) (2020) ("[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."). However, the district court did not rely on this testimony in deciding to vary upward. In arriving at its sentence, the court weighed the 18 U.S.C. § 3553(a) factors and explained that "Carpenter sought to purchase a weapon in order to retaliate against someone for robbing him and pointing a gun at him, if not actually shooting at him." Distinguishing this case from "a routine traffic

stop [where] a weapon's found underneath the seat of a car," the district court found that Carpenter's attempted firearm purchase "was intended to be used . . . to harm another person," and his Facebook message communicating as much was not "puffery." The district court concluded by clarifying that the 84-month sentence "imposed was to reflect the seriousness of the offense," because this was not a "standard felon in possession" case. See § 3553(a)(1), (a)(2)(A). Because the uncharged conduct did not factor into the district court's decision to vary upward, Carpenter's argument that the district court erred is unavailing.

Carpenter also argues that his 84-month sentence is substantively unreasonable because, in his view, it was based on Randolph's unreliable testimony regarding the 2019 murder investigation. We review substantive reasonableness for an abuse of discretion, United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), but find none here because, as we have explained, the district court's sentence was not based on this testimony.

We affirm.

_____