# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2324
_____

United States of America

*Plaintiff - Appellee*

v.

Curtis James McGarvey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: April 12, 2021
Filed: June 29, 2021
[Published]
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Curtis James McGarvey pleaded guilty to one count of cyberstalking, 18 U.S.C. §§ 2261A(2)(B), 2261(b), and two counts of attempted sexual exploitation of a minor, 18 U.S.C. § 2251(a), (e). He now appeals, arguing that there was insufficient

evidence to support his guilty plea for attempted sexual exploitation and challenging the district court's[1] decision to impose consecutive sentences.

Because McGarvey did not object to the factual basis for his plea before the district court, we review this argument for plain error. See United States v. Christenson, 653 F.3d 697, 700 (8th Cir. 2011). McGarvey claims that the district court plainly erred in accepting his plea because he never "attempt[ed] to have the minor female [whom he surreptitiously took videos of] 'engage in sexually explicit conduct.'" But at the plea colloquy, when asked to recite the factual basis for the charges against McGarvey, the government explained that McGarvey had captured several videos of the victim "entering and exiting a shower in a nude state" and changing out of her clothes. Though not all of these videos depicted "lower portions of her body nude," the government contended that the position of the cameras indicated "that Mr. McGarvey was seeking to see or capture [her] in a full state of nudity."

The district court asked McGarvey's attorney if he had anything to add or clarify, and he responded that he did not, telling the court that he had gone over the charges with McGarvey "a number of times." The district court then asked McGarvey: "Do you agree or disagree with what [the government] has stated concerning the facts surrounding these three charges?" McGarvey answered, "I agree." When given the opportunity to offer different or additional facts of his own, McGarvey declined. McGarvey also admitted to stalking the victim and sending out "numerous" other images, some digitally altered and some not, of the victim "engaging in or appearing to engage in sexual activity." Based on this record, the district court did not plainly err in determining that the facts supported McGarvey's conviction for attempted sexual exploitation of a minor. See 18 U.S.C.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

§ 2256(2)(A)(v) (defining "sexually explicit conduct," in part, as "lascivious exhibition of the anus, genitals, or pubic area of any person"); United States v. Petroske, 928 F.3d 767, 773 (8th Cir. 2019) (outlining factors for courts to consider in determining whether images "meet the lasciviousness requirement," including "whether the focal point of the image is on the minor's genital or pubic area" and "whether the minor is fully or partially clothed or is nude"); cf. Petroske, 928 F.3d at 770, 773–74 (affirming denial of motion for judgment of acquittal where defendant surreptitiously recorded minors "in various states of undress, such as before or after exiting a shower" and admitted he "wanted the videos to capture depictions of their genitals"); United States v. Johnson, 639 F.3d 433, 436–37, 439–41 (8th Cir. 2011) (reversing grant of motion for judgment of acquittal where defendant, who secretly recorded nude and partially nude minors, "adjusted the zoom feature in an attempt to tighten the focus of the camera on the area where the females' genitals would be if they were to face the camera" and made statements indicating that "the images were intended to elicit a sexual response in the viewer").[2]

McGarvey also argues that the district court erred in determining that his 30-month sentence for cyberstalking should run consecutive to his 210-month sentence for attempted sexual exploitation.[3] We review the court's decision to impose consecutive sentences for "reasonableness," which "is akin to the abuse-of-discretion standard." United States v. Bryant, 606 F.3d 912, 920 (8th Cir. 2010) (cleaned up). Here, the district court calculated the applicable range under the United States Sentencing Guidelines as 168 to 210 months, with a statutory minimum of 180

---

[2]Additionally, in an order entered before the plea colloquy, the district court found that the photographs and videos McGarvey possessed in fact "involve[d] the 'lascivious exhibition of the genitals or pubic area of any person.'" McGarvey does not directly challenge this ruling on appeal.

[3]McGarvey received a 210-month sentence for each count of attempted sexual exploitation, the terms to run concurrent with each other.

months on the attempted sexual exploitation counts. Then, in selecting a sentence and deciding whether to impose concurrent or consecutive terms of imprisonment, it "considered the factors set forth in § 3553(a), as required by § 3584(b) and our precedents." United States v. Rutherford, 599 F.3d 817, 821 (8th Cir. 2010). Specifically, the court highlighted the harm to the victim and her family and the "bizarre and troubling" nature of McGarvey's behavior over a nearly two-year period in which he stalked, threatened, and harassed the victim and those around her. The court discussed its concerns about McGarvey's conduct in detail, including that he sent nearly 200 messages to the victim telling her to "kill [her]self already," and ultimately concluded that a consecutive sentence was warranted. Because we see no indication that the court "fail[ed] to consider a relevant and significant factor, g[ave] significant weight to an irrelevant or improper factor, or . . . committ[ed] a clear error of judgment in weighing [the relevant] factors," United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) (quoting United States v. Robinson, 759 F.3d 947, 950–51 (8th Cir. 2014)), it did not abuse its discretion in imposing consecutive sentences.

We affirm the district court's judgment.

_____