# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2092

_____

United States of America

*Plaintiff - Appellee*

v.

Hakeem Malik Boyum

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 17, 2022
Filed: November 29, 2022

_____

Before SMITH, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

SMITH, Chief Judge.

Hakeem Boyum walked away from the Fort Des Moines Residential Reentry Center (RRC), where he had been placed during the supervised release portion of his sentence for a firearms violation. He was later arrested and charged with escape. At

his revocation sentencing hearing, the district court[1] sentenced him to 12 months and 1 day for the escape, to be served consecutively with his existing sentence. He appeals both the length of the sentence and its consecutive imposition. We affirm.

## I. *Background*

Hakeem Boyum was convicted in August 2018 of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 50 months in prison with 3 years of supervised release. In September 2021, he was placed in the RRC to complete this sentence. On November 2, 2021, he received an incident report for failing to maintain employment as required by his placement agreement. The next day, he walked away from the center, leading to his placement on escape status. He was arrested on November 23, 2021, and indicted on December 14, 2021, for his escape, in violation of 18 U.S.C. § 751(a). He pleaded guilty and received his sentence on May 20, 2022.

At sentencing, the district court calculated Boyum's sentence according to the United States Sentencing Commission Guidelines. The Guidelines recommended a range of 8 to 14 months. The district court ultimately sentenced Boyum to 12 months and 1 day to be served consecutively to his remaining time for his illegal weapons convictions. In deciding to impose the sentence consecutively, the district court stated, "To impose a concurrent sentence would simply not accurately reflect the seriousness of the offense and provide just punishment for either offense." R. Doc. 44, at 17:5–7.

On appeal, Boyum argues that his revocation sentence is substantively unreasonable. He also argues that the district court abused its discretion in imposing the sentence as consecutive to the undischarged portion of his prior sentence.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Court for the Southern District of Iowa.

II. *Discussion*

Boyum challenges both the length of his revocation sentence and its designation to be served consecutively. We review the trial court's imposition of sentences under "a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). We also review the decision of the trial court to impose a consecutive sentence for an additional offense for reasonableness "akin to the abuse-of-discretion standard." *United States v. McGarvey*, 2 F.4th 783, 786 (8th Cir. 2021) (internal quotation marks omitted).

A. *Revocation Sentence*

In reviewing a sentence, we first determine whether the trial court committed any procedural error. *Feemster*, 572 F.3d at 461. A district court commits procedural error when it fails to calculate the Guidelines range correctly, treats the Guidelines as mandatory, fails to consider the factors located at 18 U.S.C. § 3553(a), sentences on clearly erroneous facts, or fails to adequately explain its sentence. *Id.*

Here, the district court correctly calculated Boyum's Guidelines range for his offense and criminal history as 8 to 14 months. It also considered the § 3553(a) factors and stated, "I recognize the defendant's—those same factors here, relative youth and lack of youthful guidance and childhood trauma, are present in the defendant's history as well, and the Court considers that in determining the appropriate sentence to impose." R. Doc. 44, at 17:21–25. The district court treated the Guidelines as advisory, relied on undisputed facts, and gave an adequate explanation for its sentence.

In the absence of procedural error, we review the sentence for substantive reasonableness under an abuse of discretion standard. *Feemster*, 572 F.3d at 461. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper

or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* (internal quotation marks omitted).

We conclude that the district court properly considered the § 3553(a) factors at sentencing. In his brief, Boyum lists no specific factor or characteristic that he believes the court inadequately weighed or insufficiently considered. Instead, he raises only general features from his personal history. A district court may abuse its discretion by incorrectly weighing the factors, *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008), and substantive review exists to avoid such errors, *United States v. Dautovic*, 763 F.3d 927, 934 (8th Cir. 2014). But "[s]entences within the guideline range are presumed to be substantively reasonable." *United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017) (internal quotation marks omitted). Boyum fails to highlight error in the district court's analysis that his within-range sentence is the "unusual case" that requires resentencing. *Feemster*, 572 F.3d at 464 (internal quotation marks omitted).

## B. *Consecutive Sentence*

We review the district court's imposition of Boyum's escape sentence consecutive to existing weapons' sentence using the same abuse of discretion standard, absent procedural error. *United States v. Bonnell*, 932 F.3d 1080, 1082 (8th Cir. 2019) (per curiam). The district court here did not commit procedural error. The court properly considered the Guidelines' treatment of consecutive sentences as advisory, stating, "I recognize that the guidelines are advisory, and the word 'shall' does not bind the Court because of the fact that they are advisory, but the Court finds, exercising its discretion, that it is appropriate to impose a separate consecutive sentence . . . ." R. Doc. 44, at 16:23–17:2. The court adequately considered the § 3553(a) factors and explained that the consecutive sentence was necessary to reflect the seriousness of the separate offense. *Id.* at 17:5–7. Thus, we hold that the district court committed no procedural error in imposing the consecutive sentence.

"Under [18 U.S.C. § 3584], a district court has the discretion to impose a sentence concurrently or consecutively based on the same § 3553(a) factors as other sentencing decisions."*United States v. Becker*, 636 F.3d 402, 408 (8th Cir. 2011). Boyum cites no specific instance of the court improperly considering the statutory factors or giving any of them undue weight. Rather, Boyum asserts that the district court had discretion to have the sentence run concurrently and that its failure to do so after analyzing the § 3553(a) factors was substantively unreasonable. The district court explicitly stated, "I may not speak about each one of the statutory considerations specifically in articulating the reasoning for my sentence, but in determining the appropriate sentence to impose, I have considered each and every one of them." R. Doc. 44, at 15:24–16:2. The § 3553(a) factors were adequately considered, and the district court provided a reasonable explanation for imposing the sentence consecutively. The district court did not abuse its discretion by imposing a consecutive sentence.

### III. *Conclusion*

Accordingly, we affirm.

_____