# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1740
_____

United States of America

*Plaintiff - Appellee*

v.

Vincent Michael Perez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: November 16, 2022
Filed: March 7, 2023

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

A jury convicted Vincent Michael Perez of two child pornography-related offenses. On appeal, Perez challenges the district court's admission of social media evidence at trial, the sufficiency of the evidence, and the court's application of a 5-level enhancement at sentencing. After careful review, we affirm his convictions but vacate the sentence and remand for resentencing.

I.

On December 31, 2019, Detective Shane Hardie of the Watertown Police Department in South Dakota received a cybertip[1] from the National Center for Missing and Exploited Children (NCMEC) about possible child exploitation. According to NCMEC, a user on an online social networking platform called MeWe had sent and received files that depicted nude or semi-nude images of children. Associated with the MeWe user's account was the username "tatted up meskin perez," an email address of vmpsr85@gmail.com, and a Vast Broadband[2] Internet Protocol (IP) address.

Using subpoenas, Detective Hardie learned that the Vast Broadband account was registered to a "Vincent Perez" living in Watertown, South Dakota, with a 1985 date of birth and 605 area code phone number. Bills for internet service were sent to the account holder at the listed Watertown address. Detective Hardie also learned that the Google subscriber information for vmpsr85@gmail.com showed the account holder's name was "V1nny Per3z." The vmpsr85@gmail.com account used the same 605 phone number and was regularly accessed using the same IP address associated with the Vast Broadband account. The recovery email for the Google account was vinnysrjr2701@yahoo.com.

Additionally, Detective Hardie obtained a search warrant for the contents of the "tatted up meskin perez" MeWe account and found numerous images that appeared to depict child pornography. Messages from the account also showed that this user received and distributed similar images via chat messages with other MeWe users. In one message, the user referred to himself as "Vinny," and the profile

---

[1]At trial, Detective Hardie described a cybertip as a report made to NCMEC by an online service provider like Facebook, Google, or Dropbox regarding evidence of possible child exploitation. NCMEC then forwards the information to local law enforcement.

[2]Vast Broadband is a cable and internet service provider.

picture for the account was a photo of Perez with his tattooed chest visible. The MeWe account also contained numerous selfies of Perez, including photographs of Perez's tattooed arms, back, and torso, as well as his exposed penis. The detective connected the IP address used to log in to the MeWe account to the IP address associated with the Vast Broadband account registered to Vincent Perez.

On August 17, 2020, a grand jury indicted Perez on one count of receipt and distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). Perez pleaded not guilty. At trial, over Perez's objection, the government introduced records from Vast Broadband, Google, and MeWe. The government argued, and the district court agreed, that this evidence was "self-authenticating" and "require[d] no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. At the close of evidence, Perez moved for a judgment of acquittal. The court denied the motion, and the jury returned a guilty verdict.

At sentencing, the district court determined the advisory sentencing Guidelines range was 262 to 327 months' imprisonment, based in part on a 5-level enhancement that applies when a "defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." United States Sentencing Guidelines § 4B1.5(b)(1) (2021). The court sentenced Perez to 262 months' imprisonment on each count, to run concurrently, followed by 10 years of supervised release. Perez appeals.

II.

A.

Perez first argues the district court abused its discretion in admitting records from MeWe because this evidence was not properly authenticated. "We review evidentiary issues for clear abuse of discretion." United States v. Omar, 786 F.3d

1104, 1112 (8th Cir. 2015). We will reverse "only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." Id. (quoting United States v. Anderson, 783 F.3d 727, 745 (8th Cir. 2015)).

"To authenticate evidence, a party must clear only a low bar." United States v. Lamm, 5 F.4th 942, 947 (8th Cir. 2021) (quotation omitted). Under the Federal Rules of Evidence, to authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "Sufficient evidence may include the testimony of a witness with knowledge, or 'the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.'" Lamm, 5 F.4th at 946 (quoting Fed. R. Evid. 901(b)(4)).

As we have recognized, the "authentication of social media evidence presents some special challenges because of the great ease with which a social media account may be falsified or a legitimate account may be accessed by an imposter." Id. at 947 (cleaned up) (quoting United States v. Browne, 834 F.3d 403, 412 (3d Cir. 2016)). Thus, a certification from a social media platform alone is insufficient to establish authenticity. See id. at 947–48; cf. Fed. R. Evid. 902(11) (business records may be authenticated, in relevant part, by a certificate from the records custodian). But a party may authenticate social media evidence with circumstantial evidence that adequately links a particular person to the social media account. Lamm, 5 F.4th at 948. "[C]onclusive proof of authenticity is not required," Browne, 834 F.3d at 413, and "[o]nce the threshold requirement is met[,] any question as to whether the evidence is authentic is for the jury." Lamm, 5 F.4th at 947 (cleaned up) (quoting Kaplan v. Mayo Clinic, 653 F.3d 720, 726 (8th Cir. 2011)); see also Browne, 834 F.3d at 413 ("[T]he jury, not the court, is the ultimate arbiter of whether an item of evidence is what its proponent claims it to be.").

In this case, to authenticate the MeWe records, the government needed to produce sufficient evidence linking Perez to the account at issue. See Fed. R. Evid.

901(a); <u>Lamm</u>, 5 F.4th at 947–48. The government did so. First, the government tied Perez to a Vast Broadband account and Google email address. The subscriber information for these accounts matched Perez's personal biographical information, such as his first and last name, home address, date of birth, and phone number. The government then tied Perez to a specific IP address, which was associated with both the Vast Broadband and Google accounts. Finally, the government put forth evidence linking Perez to the MeWe account, including evidence showing that (a) the user of "tatted up meskin perez" referred to himself as "Vinny," (b) the account was created using Perez's Google email address, (c) the account was regularly accessed by the IP address associated with Perez's Vast Broadband account, and (d) the account contained numerous personal photographs of Perez, including at least one photograph depicting Perez's genitalia.

Taken together, this circumstantial evidence provided a sufficient basis for the district court to permit the jury to decide whether the MeWe account belonged to Perez. <u>See</u> <u>United States v. Recio</u>, 884 F.3d 230, 237 (4th Cir. 2018) (finding the defendant's Facebook account authenticated where "(1) the user name associated with the account was 'Larry Recio,' (2) one of the four email addresses associated with the account was 'larryrecio20@yahoo.com,' (3) more than one hundred photos of Recio were posted to the account, and (4) one of the photos posted to the user's timeline was accompanied by the text 'Happy Birthday Larry Recio'"). The district court did not abuse its discretion in admitting the MeWe records.[3]

B.

Next, Perez argues that the evidence is insufficient to sustain his convictions. "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and

---

[3]Because we find no error in admitting the MeWe records, we do not address Perez's arguments concerning hearsay and prejudice, both of which rely on his assertion that the government presented insufficient evidence to authenticate the MeWe records.

accepting all reasonable inferences that support the verdict." United States v. Acosta, 619 F.3d 956, 960 (8th Cir. 2010) (quotation omitted). "Evidence supporting [a] conviction 'need not preclude every outcome other than guilty.'" United States v. Pierson, 544 F.3d 933, 938 (8th Cir. 2008) (quoting United States v. Ramirez, 362 F.3d 521, 524 (8th Cir. 2004)). We will overturn a conviction on appeal only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Stevens, 439 F.3d 983, 987 (8th Cir. 2006).

Perez argues that the government failed to prove that he "was the person who used the MeWe account to receive, distribute, and transport child pornography," and he contends that "anyone could have created" the account. Viewing the evidence in the light most favorable to the government, there was strong circumstantial evidence showing that Perez owned the "tatted up meskin perez" MeWe account, and there was no evidence that a third-party had access to or used the account while posing as Perez. A reasonable jury could have found Perez guilty beyond a reasonable doubt.

C.

Finally, Perez appeals his sentence. He asserts that the district court erred in applying an enhancement under USSG § 4B1.5(b)(1) because he was not convicted of a "covered sex crime." "Generally, we review the district court's application of the Guidelines de novo and the court's factual findings for clear error." United States v. Poe, 764 F.3d 914, 917 (8th Cir. 2014). But because Perez did not object on this basis at sentencing, we review for plain error. See United States v. Price, 851 F.3d 824, 826 (8th Cir. 2017) (per curiam). Under plain error review, Perez must show: "(1) an error, (2) that is plain, and (3) that affects his substantial rights." United States v. Coleman, 961 F.3d 1024, 1027 (8th Cir. 2020).

Guidelines § 4B1.5(b)(1) imposes a 5-level enhancement if "the defendant's instant offense of conviction is a covered sex crime," and the defendant "engaged in a pattern of activity involving prohibited sexual conduct." "[C]overed sex crime[s]" include certain offenses "perpetrated against a minor," but do not include

-6-

"trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense." USSG § 4B1.5, comment. (n.2). Perez was convicted on one count of receipt and distribution of child pornography, and one count of transportation of child pornography, offenses that are expressly excluded from the definition of "covered sex crime" under the Guidelines. See id.; see also United States v. Horn, 187 F.3d 781, 790 (8th Cir. 1999) ("[T]rafficking . . . include[s] receiving, transporting, shipping, advertising, or possessing material involving the sexual exploitation of a minor . . . ." (citation omitted)). It was, therefore, plain error to impose an enhancement under § 4B1.5(b)(1). See, e.g., United States v. Wikkerink, 841 F.3d 327, 336 n.6 (5th Cir. 2016) (finding that the district court committed a "clear and obvious error" when it applied the § 4B1.5(a) enhancement to a receipt of child pornography offense).

With the 5-level enhancement, Perez's advisory Guidelines range was 262 to 327 months of imprisonment; without it, the range would be 180 to 188 months.[4] Under these circumstances, Perez has shown "a reasonable probability that but for the error he would have received a more favorable sentence." United States v. Harrell, 982 F.3d 1137, 1140 (8th Cir. 2020) (quoting United States v. Bonnell, 932 F.3d 1080, 1083 (8th Cir. 2019) (per curiam)). We vacate Perez's sentence and remand to the district court for resentencing without the application of the enhancement.

III.

Perez's convictions are affirmed, but we vacate his sentence and remand to the district court for resentencing.

_____

[4]Because of Perez's previous felony conviction for accessing child pornography, he faced statutory mandatory minimum sentences of 180 months in prison on Counts 1 and 2.