# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2576

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Leonard Campbell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa

_____

Submitted: January 9, 2023
Filed: May 22, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Thomas Campbell was on supervised release for a second time after completing a prison term for unlawful possession of a firearm as a felon, 18 U.S.C. §§ 922(g) and 924(a)(2), and possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1) and (b)(1)(c). In the summer of 2022, the United States Probation Office petitioned the district court to revoke Campbell's supervised

release, alleging he violated several conditions of his release, including using controlled substances and alcohol, failing to participate in substance abuse testing, failing to comply with mental health treatment, and committing a new law violation. Regarding the new law violation, Probation alleged Campbell committed first degree harassment in violation of Iowa law by threatening to commit acts of violence and intentionally alarming medical workers while receiving mental health treatment at a medical facility. *See* Iowa Code § 708.7(1)(b) and (2)(a)(1).

At sentencing, Campbell admitted each alleged violation except the new law violation. After hearing the evidence, the district court[1] found by a preponderance of the evidence that Campbell committed first degree harassment in violation of Iowa law. Taking this into account, the district court calculated a United States Sentencing Guidelines ("Guidelines") revocation sentence range of 12 to 18 months of imprisonment. The district court sentenced Campbell to 18 months of imprisonment followed by a one-year term of supervised release. Campbell now challenges the revocation sentence on appeal, first contending the district court erred by finding he committed first degree harassment in violation of Iowa law.

"A district court may 'revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Staten*, 990 F.3d 631, 635 (8th Cir. 2021) (quoting *United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015)). We review a district court's findings regarding violations for clear error and will reverse "only if we have a definite and firm conviction that the District Court was mistaken." *Boyd*, 792 F.3d at 919 (quoting *United States v. Willis*, 433 F.3d 634, 636 (8th Cir. 2006)).

Iowa Code § 708.7(1)(b) provides that "[a] person commits harassment when the person, purposefully and without legitimate purpose, has personal contact with another person, with the intent to threaten, intimidate, or alarm that other person."

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

The evidence at the revocation hearing revealed Campbell made threatening statements to medical center staff, including his desire to blow up a specific federal building and kill police officers. Campbell also said he wanted "thousands" of people to die. The psychiatric nurse practitioner who treated Campbell and reported the statements to law enforcement testified at the hearing that he believed Campbell made these statements to alarm and upset the nurse practitioner. The nurse practitioner further testified that while Campbell's statements were delusional and paranoid, Campbell was oriented as to person, place, and time, further shedding light on the intent of Campbell's statements. Based on this information, we conclude the district court's finding by a preponderance of evidence that Campbell violated Iowa law was not clearly erroneous.

Campbell next argues the sentence imposed by the district court was substantively unreasonable. "[W]e review the sentence for substantive reasonableness under an abuse of discretion standard." *United States v. Boyum*, 54 F.4th 1012, 1015 (8th Cir. 2022). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). No abuse of discretion occurred here.

The 18-month sentence is within the Guidelines range and is therefore presumptively reasonable. *See United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017). Moreover, the district court considered and evaluated appropriate 18 U.S.C. § 3553(a) factors, as required by 18 U.S.C. § 3583(e), focusing on Campbell's previous violations of supervised release, his criminal history and mental health, the need to protect the public from further criminal activity, and Campbell's likelihood to engage in further criminal conduct. We reject Campbell's argument that it was improper for the district court to consider the new law violation when it imposed his sentence. The conduct underlying the new law violation involved threatening statements that implicate the need to protect the public from

criminal activity and Campbell's likelihood to engage in further criminal conduct. The district court did not abuse its discretion by considering Campbell's statements when imposing the revocation sentence. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

For these reasons, the judgment of the district court is affirmed.

_____