# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1948

_____

United States of America

*Plaintiff - Appellee*

v.

Donzell A. Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 13, 2023
Filed: December 21, 2023
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Donzell A. Jones admitted that he violated five conditions of his supervised release. The most serious of his violations was Grade C. He also agreed that his applicable Chapter 7 range was eight to fourteen months. See United States

Sentencing Guidelines (USSG) § 7B1.4(a) (2021). The district court[1] revoked his supervision and varied upwards, sentencing Jones to eighteen months in prison, with no supervised release to follow.

Jones appeals, arguing that his sentence is substantively unreasonable. "[T]he substantive reasonableness of a revocation sentence is reviewed 'under a deferential abuse-of-discretion standard.'" United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (quoting United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Boyum, 54 F.4th 1012, 1015 (8th Cir. 2022) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Not disputing the 18 U.S.C. § 3553(a) factors the district court considered, Jones argues that the district court abused its discretion in how it weighed those factors when imposing a sentence four months above the advisory Chapter 7 range.[2] Jones admitted that he failed to abide by the condition that he "refrain from any unlawful use of a controlled substance," and he now contends that the court relied too heavily on his drug addiction in arriving at its sentence. But Jones also admitted to violations beyond the unlawful use of drugs. He admitted that he violated the

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

[2]In determining Jones's revocation sentence, the district court considered Jones's criminal history, his persistent difficulty abiding by the terms and conditions of supervised release, and the need to protect the public. These are permissible factors. See 18 U.S.C. § 3583(e) (listing which § 3553(a) factors a court is to consider in determining a revocation sentence); cf. United States v. Hall, 931 F.3d 694, 697 (8th Cir. 2019) (discussing use of factor not in § 3583(e) where primary focus was on defendant's history and characteristics); United States v. Martin, 757 F.3d 776, 780 (8th Cir. 2014) (considering same).

condition that he "successfully participate" in a U.S. Probation Office-approved "substance abuse counseling program," including drug testing. He admitted to violating the condition requiring him to work full time or to look for work, and to notify his U.S. Probation Officer of "a change or expected change" in "anything about [his] work." And he admitted that he did not truthfully answer his Probation Officer's questions, and that he failed to perform community service by February 8, 2023—two more violations of the conditions of his supervised release.

Jones also asserts that any upward variance was inappropriate because his violations were not the "most serious conduct" recognized under the Guidelines or "associated with a high risk of new felonious conduct" like that described in the commentary to § 7B1.4(a). See USSG § 7B1.4, comment. (n.3) (advising "an upward departure may be warranted" where defendant has "a Grade C violation . . . associated with a high risk of new felonious conduct"). The district court did not rely on this commentary, however, and Jones offers no authority for the idea that this commentary is the only basis for an above-Guidelines sentence under § 7B1.4.

The district court relied on appropriate sentencing factors, and we discern no abuse of discretion in how it balanced the importance of those factors. The district court sufficiently explained why it was exercising its discretion to impose the sentence that it did, and we affirm.

_____