# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2492
_____

United States of America

*Plaintiff - Appellee*

v.

Vincent Michael Perez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: February 12, 2024
Filed: May 28, 2024
[Unpublished]
_____

Before SMITH, Chief Judge,[1] BENTON and STRAS, Circuit Judges.
_____

PER CURIAM.

After a jury found Vincent Perez guilty of two child-pornography offenses, *see* 18 U.S.C. § 2252A(a)(1), (2)(A), he received partially consecutive sentences

---

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. *See* 28 U.S.C. § 45(a)(3)(A).

totaling 216 months. Although he argues that making any part of them consecutive was an abuse of discretion, we affirm.

Perez's total sentence was originally 46 months longer, but a sentencing error led to a remand. *See United States v. Perez*, 61 F.4th 623, 626–28 (8th Cir. 2023) (holding that an enhancement for "covered sex crime[s]" did not apply (quoting U.S.S.G. § 4B1.5(b)(1))). At resentencing, the district court[2] shortened the sentence for each charge to 188 months. It then reached 216 months by making 28 months for one of them consecutive to the other.

Although complicated,[3] doing so was procedurally and substantively reasonable. *See United States v. Boyum*, 54 F.4th 1012, 1015 (8th Cir. 2022) (reviewing the concurrent-versus-consecutive decision for an abuse of discretion). By statute, most criminal sentences can be concurrent, consecutive, or anything in between. *See* 18 U.S.C. § 3584(a) (exempting certain attempt offenses). The court went the partially consecutive route because of the "substantial danger" Perez posed to children and his failure to take responsibility. *See Boyum*, 54 F.4th at 1016 (affirming based on "a reasonable explanation for imposing the sentence consecutively"); *see also* 18 U.S.C. §§ 3553(a), 3584(b) (listing factors to consider).

In the process, the district court mentioned the longer sentence it had imposed before, but only as a reminder of how it had previously weighed the statutory

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[3]To the extent the district court thought it could not simply vary upward on remand under 18 U.S.C. § 3742(g)(2), we note that the statutory restriction on selecting "a sentence outside the applicable guidelines range . . . is invalid after [*United States v. Booker*, 543 U.S. 220 (2005)]." *Pepper v. United States*, 562 U.S. 476, 493–95 (2011) (citation omitted) (explaining that it would make the Sentencing Guidelines "effectively . . . mandatory in an entire set of cases").

sentencing factors, not as an "anchor" for the sentence it was about to announce. Nor did it rely on any other improper factor or commit a clear error of judgment. *See United States v. Richart*, 662 F.3d 1037, 1052, 1054 (8th Cir. 2011) (explaining that a district court can "var[y] based on factors already taken into account by the advisory guidelines" and "weigh[] the relevant factors more heavily than [a defendant] would prefer" (citation omitted)). We accordingly affirm the judgment of the district court.

_____