# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2397
_____

United States of America

*Plaintiff - Appellee*

v.

Sammy Jefferson, also known as Bey Bey

*Defendant - Appellant*

_____

No. 24-2398
_____

United States of America

*Plaintiff - Appellee*

v.

Sammy Jefferson, also known as Bey Bey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 17, 2025
Filed: August 12, 2025
[Unpublished]

_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Five months into his supervised release, Sammy Jefferson sold fentanyl to a confidential source. Officers searched his home, finding evidence of drug distribution and money laundering. Jefferson agreed to plead guilty to distribution of fentanyl, 21 U.S.C. § 841(a)(1) and (b)(1)(B). In exchange, the Government agreed not to charge him further for drug distribution or for money laundering. The Government also agreed to give Jefferson ten days' notice if it were to seek an above guidelines range sentence. The district court[1] accepted the plea after confirming with Jefferson that there were no other "deals that appl[ied] to [his] case," that he understood that only he and the Government were "the parties to the agreement," and that he understood that the Government agreed not to bring further "prosecution against [him]." A month later, the Government indicted Jefferson's wife for conspiracy to commit money laundering.

The presentence report determined that Jefferson's sentencing guidelines range was 63 to 78 months for the fentanyl distribution. Seven days before sentencing, the Government filed a motion seeking a 96-month sentence for the drug distribution based on either an upward departure for underrepresented criminal history, see U.S.S.G. § 4A1.3(a)(1), or an upward variance based on Jefferson's conduct, likelihood of recidivism, and danger to the community based on Jefferson violating the terms of his plea agreement, see 18 U.S.C. § 3553(a), and also seeking for the sentence to run consecutively with any revocation sentence. At sentencing, the district court rejected the Government's motion for an upward departure and found by a preponderance of the evidence that Jefferson attempted to bribe a guard while in prison, a crime in violation of his plea agreement. But the court continued

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

sentencing so that Jefferson could move to withdraw his guilty plea based on his argument that the Government breached the plea agreement. Jefferson did so and also made a second argument, that the Government breached the plea agreement by indicting his wife.

At the continued sentencing, the district court denied Jefferson's motion to withdraw his guilty plea and found that he violated the conditions of his supervision by committing a crime. The district court imposed a guidelines sentence for the fentanyl distribution, but the court ran his 78-month fentanyl distribution sentence and his 42-month revocation sentence consecutively for a total prison term of 120 months. Jefferson appeals the denial of his motion to withdraw his guilty plea and the imposition of consecutive sentences.

We review the denial of a motion to withdraw from a guilty plea for abuse of discretion. United States v. Berrier, 110 F.4th 1104, 1111 (8th Cir. 2024). We generally interpret the meaning of the terms in a written plea agreement accepted by the district court "according to basic principles of contract law," reviewing issues of interpretation and enforcement *de novo*. Id. at 1111–12 (citation omitted).

Jefferson argues that the Government violated the plea agreement by seeking an upward departure or variance only seven days before sentencing.[2] The plea agreement states, "if the defendant commits any crime . . . the Government, at its option, may be released from its obligations under this agreement." As the district court found, Jefferson attempted to bribe a prison guard, so Jefferson's "breach of his plea agreement released the government from its duty to not seek an enhanced sentence." United States v. Sisco, 576 F.3d 791, 797 (8th Cir. 2009). And contrary

---

[2] "A departure occurs within the context of the Guidelines themselves . . . ." United States v. Watley, 46 F.4th 707, 717 n.7 (8th Cir. 2022) (citation omitted). So the Government did not "request a sentence above or below the [Guidelines]" by seeking a departure. As the Government was released from its obligations under the plea agreement due to Jefferson's conduct, we analyze the Government's request for an upward departure or variance together.

to Jefferson's assertion, his breach "did not render the entire plea agreement a legal nullity." Id.

Jefferson argues that the attempted bribe cannot be a violation of his plea agreement because he was not criminally charged and it was not proven beyond a reasonable doubt. But the plea agreement says "commits any crime"—not "is charged or convicted of another offense." Further, "commits any crime" is part of an inclusive list of conduct ("violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing") which, if committed, would violate the plea agreement without any criminal charges. Last, "[a] preponderance of evidence standard of proof applies to judicial fact finding at sentencing, a standard that satisfies both the Fifth Amendment's guarantee to due process and the Sixth Amendment right to trial by jury." United States v. Webb, 545 F.3d 673, 677 (8th Cir. 2008).

Jefferson next claims that he should have been allowed to withdraw his guilty plea because the Government violated the plea agreement by charging his wife with conspiracy to commit money laundering. He relies on United States v. Thomas, 58 F.4th 964 (8th Cir. 2023), where the plea agreement for conspiracy to distribute heroin prohibited prosecution of "any other federal criminal offense arising from or directly related to this investigation." Id. at 966. So when the investigation uncovered sex-trafficking offenses, the Government was barred from prosecuting the defendant because of the "clause's plainly broad terms" and the "inextricably intertwined" nature of these investigations. Id. at 976. But Thomas lends no support for Jefferson's argument that his plea agreement protects his wife—an unnamed third party—from prosecution.

The plea agreement "constitutes the entire agreement between [Jefferson] and the Government" and states that the Government will not bring further prosecution "relative to the defendant's" distribution of fentanyl and money laundering. "Relative to" means "with regard to" or "in connection with," Merriam-Webster's

Collegiate Dictionary 1050 (11th ed. 2025), and the possessive "defendant's" "indicates ownership or possession," William Strunk, Jr. & E.B. White, <u>The Elements of Style</u>, at 129 (3d ed. 1979, illustrated).

Having found that the district court did not abuse its discretion by denying the motion to withdraw his plea, we turn to sentencing. Jefferson challenges the district court's decision to run his sentences consecutively. We "review the decision of the trial court to impose a consecutive sentence for an additional offense for reasonableness 'akin to the abuse-of-discretion standard.'" <u>United States v. Boyum</u>, 54 F.4th 1012, 1015 (8th Cir. 2022) (citation omitted). "Under 18 U.S.C. § 3584, a district court has the discretion to impose a sentence concurrently or consecutively based on the same § 3553(a) factors as other sentencing decisions." <u>Id.</u> at 1016 (citation omitted) (cleaned up).

Jefferson argues that the district court failed to consider mitigating factors such as the deaths of his father, six-year-old son, and nephew and that he recently got married and had a baby. But the district court considered these factors. It was also concerned about recidivism because Jefferson committed the underlying offense so soon after being released and another while in custody. <u>See</u> § 3553(a)(2). That the district court weighed recidivism more heavily than Jefferson's mitigating factors does not render the sentences running consecutively substantively unreasonable. <u>See</u> <u>United States v. Ross</u>, 29 F.4th 1003, 1009 (8th Cir. 2022).

Affirmed.

_____