**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0414n.06

No. 09-4450

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 27, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | ) On Appeal from the United States |
| | ) District Court for the Southern |
| KIPP T. JAMES, | ) District of Ohio |
| | ) |
|     Defendant-Appellant. | ) |

Before:     BOGGS and KETHLEDGE, Circuit Judges; and COLLIER, Chief District Judge.[*]

BOGGS, Circuit Judge.  Kipp James appeals the district court's decision to impose his 92-month sentence for being a felon in possession of a firearm consecutive to an undischarged state prison term.  He contends that the district court relied on an impermissible factor supported by no evidence—the condition of the state prison system—in deciding to impose a consecutive sentence.  Because the district court did not commit plain error by relying on clearly erroneous facts, and because the court's sentencing decision was based on relevant factors, as set out in United States Sentencing Guidelines ("U.S.S.G.") §5G1.3(c) and its commentary, we affirm James's sentence.

I

_____

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

On August 3, 2008, James was found in possession of a Keltec pistol, a round of ammunition, and a large rock of heroin. James had multiple prior felony convictions for assault, drug possession, and drug trafficking. On January 7, 2009, he was indicted on one count of firearm possession by a convicted felon, in violation of 18 U.S.C. § 922(g), and one count of heroin possession, in violation of 21 U.S.C. § 844.

By the time of the federal indictment, James was in state custody. He had been indicted for trafficking in cocaine and heroin by an Ohio grand jury on July 3, 2008—one month before the conduct leading to the charges at issue here. In February 2009, he was convicted of drug trafficking by a state court. His state sentence expires on July 13, 2014.

James pled guilty to the firearm charge on April 27, 2009. The district court imposed a sentence of 92 months of imprisonment, to be served consecutive to James's state sentence, along with three years of supervised release and a $1,000 fine. Before imposing the sentence, the court noted its discretion, pursuant to 18 U.S.C. § 3584 and U.S.S.G. §5G1.3(c), to impose either a consecutive or a concurrent sentence. The court recognized that § 3584 directed it to consider the factors listed in 18 U.S.C. § 3553(a) in making its decision. The court also quoted Application Note 3(A) to §5G1.3(c), which directs a sentencing court to consider:

(i)   the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii)  the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii) the time served on the undischarged sentence and the time likely to be served before release;

(iv)  the fact that the prior undischarged sentence may have been imposed in state court rather than federal court . . .; and

       (v) any other circumstance relevant to the determination of an appropriate sentence
         for the instant offense.

§5G1.3(c), comment. (n.3(A)).

Because James committed the federal offense while on pretrial release on state charges, the

district court reasoned that a consecutive sentence was necessary:

> Prior state sentences have had insufficient effect on Mr. James. Moreover, he
> committed this offense barely a month after being indicted for drug trafficking by the
> State of Ohio. Clearly the fact that Mr. James was under indictment was insufficient
> to deter him from engaging in criminal behavior by possessing a gun and drugs.
> Therefore, imposition of consecutive terms of sentence is required as a deterrence
> measure and to protect the public from future crimes of the defendant.

The court added that a concurrent term would "leave this offense unpunished" and give James "a free

pass," and that "[t]he speed with which you commit offenses should not inure to [your] benefit."

The court also cited James's drug addiction and the fact that he could receive substance abuse

treatment while in federal custody. It acknowledged James's disadvantaged background, but found

that, given his "lengthy and serious criminal record," this did not "outweigh the need for the sentence

to promote punishment, protection and deterrence." Finally, the court stated:

> I also consider the uncertainty of the state system. Right now they're cutting
> treatment and vocational training. There's nothing to give me a sense of comfort that
> there won't be a major release of offenders in the near future from the state system
> which would result in a total miscarriage of justice if Mr. James were given credit for
> a sentence he ultimately didn't serve in the state system.

On appeal, James challenges his sentence as unreasonable. He argues that the district court

relied on an impermissible factor without factual support in determining his sentence: speculation

that Ohio might release him before his state sentence expires.

II

Appellate review of a district court's sentencing decision is limited to determining whether it is "reasonable." *Gall v. United States*, 552 U.S. 38, 46 (2007). The review is two-tiered: the appellate court first determines whether the sentence was procedurally reasonable; it then asks whether the sentence was substantively reasonable. *Id.* at 51. As this court recognized in *United States v. Berry*, however, "[a] challenge to a court's decision to impose a consecutive or a concurrent sentence is not easily classified as 'substantive' or 'procedural.'" 565 F.3d 332, 342 (6th Cir. 2009). Under *Gall*, procedural errors include "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." 552 U.S. at 51. A sentence may be substantively unreasonable if it is based on impermissible factors, or if the judge fails to consider the § 3553(a) factors or gives undue weight to any factor. *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009). James alleges both that the district court relied on "erroneous facts"—a procedural violation—and that it considered an "improper factor"—which can be construed as a claim of substantive unreasonableness.

To the extent that he alleges procedural error, we review James's claim for plain error because he failed to present it to the district court when invited to do so. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). After pronouncing sentence but prior to adjourning the proceedings, the court must inquire of the parties whether they have any objections. *Ibid*. Here, the district court pronounced the sentence and asked for "Comments, suggestion, objections?" This is not the "full *Bostic* question as typically phrased." *United States v. Jackson*, 2011 WL 1597665, at *3 n.1 (6th Cir. April 28, 2011). Given the context, however, we believe it amply met the requirements of *Bostic* by providing the defense a fair opportunity to raise objections. James's

counsel asked the court, "Did you state that the situation at [the Ohio correctional facility] militates toward a longer sentence?" The court replied, "It indicates to me not necessarily longer, but certainly not concurrent." The court added that James needed "substantial time to deal with a longstanding drug addiction problem." Although this would have been an obvious time to do so, James's counsel did not challenge the court's allegedly improper reliance on "the uncertainty of the state system," arguing only that 92 months was "longer than necessary" for James to receive drug treatment. James preserved an objection to the substance of his sentence, but this objection did not permit the district court to correct its purported procedural error. *See United States v. Harmon*, 607 F.3d 233, 237–38 (6th Cir. 2010). This is precisely the situation the *Bostic* rule is designed to avoid. We therefore review his procedural-unreasonableness claim for plain error.

Under plain error review, James must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). The district court did not commit plain error in referring to the "uncertainty of the state system." The court did not rely on clearly erroneous facts in speculating that an early release of state prisoners was possible. Moreover, even were this statement erroneous, James's substantial rights and the fairness of the proceedings were not undermined by the reference, because the district court also based his sentence on the § 3553(a) factors and thoroughly explained its reasoning in doing so.

To the extent that James asserts substantive unreasonableness, the district court's decision that his federal sentence should run consecutive to the state sentence is reviewed for abuse of

discretion. *See Berry*, 565 F.3d at 342. The court "does not abuse its discretion when it makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *Ibid*. (internal quotation marks omitted). This court looks to "the record on appeal [for evidence] that the district court turned its attention to §5G1.3(c) and the relevant commentary in [making] its determination of whether to impose a concurrent or consecutive sentence." *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009).

As detailed above, the record here demonstrates that the district court looked to §5G1.3(c) and its commentary for guidance and made its rationale for imposing a consecutive sentence clear. The court emphasized the need for punishment and deterrence. It considered the length of the state court sentence and determined that a consecutive sentence was necessary to adequately punish the federal offense. The district court did not base its decision to impose a consecutive sentence solely on the possibility of James's early release from state prison. Moreover, that possibility was not a clearly improper consideration. Application Note 3(A) states that the court should consider "the time likely to be served before release," "the fact that the prior undischarged sentence may have been imposed in state court rather than federal court," and "any other circumstance relevant to the determination of an appropriate sentence." §5G1.3(c), comment. (n.3(A)(iii–v)). Because the district court considered relevant factors which justified its decision to impose a consecutive sentence, it did not abuse its discretion in imposing the sentence.

III

Because the district court's decision to impose James's sentence consecutive to his undischarged state sentence was not unreasonable, we AFFIRM his sentence.